UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO: |
| CAREMERICA, INC. | 06-02913-8-JRL |
| DEBTOR | CHAPTER 7 |
| JAMES B. ANGELL, CHAPTER 7 TRUSTEE of CAREMERICA, INC. and the consolidated cases, | Adversary Proceeding No. _____ |
| Plaintiff | |
| v. | |
| BER CARE, INC., f/k/a PPS, Inc., Adcar, Inc., Ann H. Day, Antonia P. Elliott fka Antonia Ferrara, Joseph Alex Cannon Jr., Cher Cannon, Diversified Enterprise, Inc. dba Cannon Construction, Cape Associates, L.L.C., Capital Resource Solutions, LLC, Carolina Care, LLC, City of Kinston, City of Wilson, Crescent State Bank, DeltaCom, Inc., Dona H. Burrell, First Eastern, LLC, GEMSA Loan Services, Limited Partnership, Institution Food House, Inc., Institutional Services, L.L.C., Jette Ferrell, John F. Smith III, Joshua Houghton, National Assisted Living Risk Retention Group and/or Rinklin-Shuttleworth of Georgia, LLC, Opesnet Corporation, Pachki, Incorporated. dba Andy Anderson Agency, Pinewood Associates, a General Partnership and/or Pinewood of Pink Hill, LLC, Powell Properties of Durham County, LLC, Red Mortgage Capital, Inc., Robert D. Shelley, Dawn O. Rowland and/or Walter D. Rowland, Saundra Etheridge, Stanley E. Brunson Jr., Susan W. Simms, WFY, LLC, Robert D. Shelley dba WYC, LLC and/or Ed Prince dba WYC, LLC | |
| Defendants | |

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL AND/OR FRAUDULENT TRANSFERS

NOW COMES James B. Angell, Chapter 7 Trustee in the above referenced case, by and through undersigned counsel, pursuant to 11 U.S.C. §§ 547(b), 548, 550(a) and 551 and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure, and files this Complaint against the Defendants to avoid certain preferential and/or fraudulent transfers, and to recover for the benefit of the estate such transfers, and in support thereof states as follows:

1.     Caremerica, Inc., Caremerica Adult Care, Inc. 06-02906-8-JRL, The Meadows of Hermitage, Inc. 06-02917-8-JRL, The Meadows of Fayetteville Inc. 06-02916-8-JRL, and The Meadows of Wilmington, Inc. 06-02910-8-JRL (the "Debtors") each filed a voluntary petition for relief on September 15, 2006 under Chapter 11 of title 11, United States Code in the Eastern District of North Carolina. Each of these cases was subsequently converted to a case under Chapter 7. These cases were substantively consolidated pursuant to that Order Allowing Substantive Consolidation and the Appointment of a Single Trustee filed on February 4, 2008, as amended by that Order Allowing Trustee's Motion for Amendment and Clarification of Order filed on May 16, 2008, to be administered under the caption of the Caremerica, Inc. case.

2.     The Plaintiff James B. Angell is the duly appointed, qualified and acting Chapter 7 Trustee ("Trustee" or "Plaintiff") in the consolidated case.

3.     The Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4.     Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.     This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2).

## GENERAL ALLEGATIONS

6.     Caremerica, Inc., Caremerica Adult Care, Inc., The Meadows of Hermitage, Inc., The Meadows of Fayetteville Inc., and The Meadows of Wilmington, Inc. were subject to the dominion and control of Ronald E. Burrell and Michael R. Elliott, who used such control to commit fraud or wrong, in violation of their legal duties to the Debtors, resulting in substantial losses to creditors of the Debtors.

7.     Piercing the corporate veil of the Debtors, as to one another, is appropriate to protect the rights of creditors of the various Debtors and the Debtors should be considered as a single enterprise (the "Consolidated Debtor").

8.     BER Care Inc. is a business corporation organized and existing under the laws of the State of North Carolina, whose principal owners are Ronald E. Burrell, Michael R. Elliott, and John Smith. BER Care, Inc. was formerly named PPS, Inc. until its name was changed on or about April 6, 2005.

9.     The assets of BER Care, Inc. were sold in March, 2005 and BER Care, Inc. otherwise ceased operations as a going concern shortly thereafter.

10.     Bank accounts of BER Care, Inc. were used by the Debtors as a conduit to transfer funds of the Debtors to third parties, including the Defendants.

11.     As to each Defendant who is alleged to be an Insider as set forth on Exhibit A, during the one year period prior to the Petition Date ("Preference Period"), one or more of the Debtors, or, in the alternative, the Consolidated Debtor, by and through Defendant BER Care, Inc. acting as a conduit (jointly, the Debtors and the Consolidated Debtor are hereinafter referred to as the "Transferor") made certain transfers to such Defendant in at least the amount listed beside such Defendant's name under the column heading marked "Preferential Transfers" on Exhibit A, attached hereto.

12.     As to each Defendant, during the two year period prior to the Petition Date ("Fraudulent Transfer Period"), one or more of the Debtors, or, in the alternative, the Consolidated Debtor, by and through Defendant BER Care, Inc. acting as a conduit (jointly, the Debtors and the Consolidated Debtor are hereinafter referred to as the "Transferor") made certain transfers to such Defendant at least the amount listed

beside such Defendant's name under the column heading marked "Fraudulent Transfers" on Exhibit A, attached hereto.

13.    Defendants identified as "Insider" on Exhibit A are "insiders" as that term is defined in 11 U.S.C. §101(31) and used in 11 U.S.C. §547(b).

## COUNT I
## AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. §§§ 547, 550 AND 551
## (Conduit Theory)

14.    The Plaintiff incorporates the allegations set forth in paragraphs 1 through 13 above in their entirety.

15.    Each Preferential Transfer a constituted transfer of an interest of the Transferor in property.

16.    Each Preferential Transfer was made to or for the benefit of the Defendant as a creditor of the Transferor.

17.    Each Preferential Transfers was made for, or on account of, an antecedent debt owed by the Transferor to the Defendant before the transfer was made.

18.    Each Preferential Transfer was made while the Transferor was insolvent.

19.    Each Preferential Transfer was made within the Preference Period.

20.    The Preferential Transfers enabled the Defendants to receive more from the Transferor than they would have received in a Chapter 7 case had the Preferential Transfers not been made and the Transferor received payment on its claim to the extent provided by Title 11 of the United States Code (the "Bankruptcy Code").

21.    Pursuant to Bankruptcy Code § 547(b), the Preferential Transfers are avoidable.

22.    Each Defendant was the initial transferee, or an immediate or mediate transferee of the Preferential Transfers.

23.    Each Defendant is accordingly liable to the Trustee on behalf of the bankruptcy estate for the recovery of the Preferential Transfers he, she or it received or benefited from, or the value of the property transferred, pursuant to 11 U.S.C. § 550 and 551.

## COUNT II
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§§ 548, 550 AND 551
## (Conduit Theory)

24.    The Plaintiff incorporates the allegations set forth in paragraphs 1 through 23 above in their entirety.

25.    Each Fraudulent Transfer constituted a transfer of an interest of the Transferor in property.

26.    Each Fraudulent Transfer was made within two years of the filing of the petition.

27.     Each Fraudulent Transfer was made with the actual intent to hinder, delay, or defraud an entity to which the Transferor was or became, on or after the date that such transfer was made, indebted.

28.     To the extent a Defendant may not have been a creditor of the Transferor for the Fraudulent Transfer he, she or it received, the Transferor received less than reasonably equivalent value in exchange from the Defendant for such Fraudulent Transfer.

29.     The Transferor was insolvent on the date of each Fraudulent Transfer or became insolvent as a result of the Fraudulent Transfer.

30.     The Fraudulent Transfers are avoidable as a fraudulent transfer pursuant to 11 U.S.C. § 548. The Defendant is accordingly liable to the Trustee on behalf of the bankruptcy estate for the recovery of the Fraudulent Transfers that he, she or it received or benefited from, or the value of the property transferred, pursuant to 11 U.S.C. § 550 and 551.

### COUNT III
### AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. §§§ 547. 550 AND 551
### (Immediate or Mediate Transferee Theory)

31.     The Plaintiff incorporates the allegations set forth in paragraphs 1 through 30 above in their entirety.

32.     Each Preferential Transfer constituted a transfer of an interest of the Transferor in property.

33.     Each Preferential Transfer was made to or for the benefit of Defendant BER Care, Inc. as a creditor of the Transferor.

34.     Defendant BER Care, Inc. is an "insider" as that term is defined in 11 U.S.C. §101(31) and used in 11 U.S.C. §547(b).

35.     Each of the Preferential Transfers was made for, or on account of, an antecedent debt owed by the Transferor to Defendant BER Care, Inc. before the transfers were made.

36.     Each Preferential Transfer was made while the Transferor was insolvent.

37.     Each Preferential Transfers were made within the Preference Period.

38.     The Preferential Transfers enabled BER Care, Inc. to receive more from the Transferor than it would have received in a Chapter 7 case had the Preferential Transfers not been made and the Transferor received payment on its claim to the extent provided by Title 11 of the United States Code (the "Bankruptcy Code").

39.     Pursuant to Bankruptcy Code § 547(b), the Preferential Transfers are avoidable.

40.     Defendant BER Care, Inc. was the initial transferee, and remaining Defendants were immediate or mediate transferees of the Preferential Transfers.

41.     The Defendants are accordingly liable to the Trustee on behalf of the bankruptcy estate for the recovery of the Preferential Transfers he, she or it received or benefited from, or the value of the property transferred, pursuant to 11 U.S.C. § 550 and 551.

**COUNT IV**
**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§§**
**548, 550 AND 551**
**(Immediate or Mediate Transferee Theory)**

42.    The Plaintiff incorporates the allegations set forth in paragraphs 1 through 41 above in their entirety.

43.    In the alternative, transfers made by the Transferor into the BER Care, Inc. bank accounts were made with the actual intent to hinder, delay, or defraud an entity to which the Debtors were or became, on or after the date that such transfer was made, indebted; or, to the extent BER Care, Inc. may not have been a creditor of the Transferor for the Fraudulent Transfers, the Debtors received less than reasonably equivalent value in exchange from BER Care, Inc. for the Fraudulent Transfers and the Transferor was insolvent on the date of the Fraudulent Transfers or became insolvent as a result of the Fraudulent Transfers.

44.    The Fraudulent Transfers are avoidable as a fraudulent transfer as to BER Care, Inc. pursuant to 11 U.S.C. § 548. Each Defendant is accordingly liable to the Trustee on behalf of the bankruptcy estate for the recovery of the Fraudulent Transfers that he, she or it received, or the value of the property transferred, as a mediate transferee pursuant to 11 U.S.C. § 550 and 551.

45.    Defendant BER Care, Inc. was the initial transferee, and remaining Defendants were immediate or mediate transferees of the Fraudulent Transfers.

46.    The Defendants are accordingly liable to the Trustee on behalf of the bankruptcy estate for the recovery of the Fraudulent Transfers that he, she or it received or benefited from, or the value of the property transferred, pursuant to 11 U.S.C. § 550 and 551.

WHEREFORE, the Plaintiff prays the Court to grant the following relief:

1.    For a money judgment against Defendants on the account of the avoidance of the Preferential Transfers and/or Fraudulent Transfers and pursuant to 11 U.S.C. §§ 547, 548, 550 and 551 in at least the amounts set forth on Exhibit A;

2.    To award interest at the maximum legal rate until paid in full, with such recovery being for the benefit of the Debtors; estate pursuant to 11 U.S.C. §§ 547, 548, 550 and 551;

3.    To tax the costs of this action against the Defendants;

4.    To grant such other relief as the Court deems just and proper.

Dated:  September 14, 2008.

HOWARD STALLINGS FROM & HUTSON, P.A.

 /s/James B. Angell
James B. Angell
State Bar No. 12844
P.O. Box 12347
Raleigh, North Carolina 27605
Telephone:  919-821-7700
Telecopier: 919-821-7703

EXHIBIT A

| Defendant | Insider/Non-Insider | Preferential Transfers | Fraudulent Transfers |
|---|---|---|---|
| Adcar, Inc. | Non-Insider | $ | $ 209,997.16 |
| Ann H. Day | Insider | $ 2,605.20 | $ 2,605.20 |
| Antonia P. Elliott fka Antonia Ferrara | Insider | $ 50,000.00 | $ 50,000.00 |
| Joseph Alex Cannon Jr., Cher Cannon and/or Diversified Enterprise, Inc. dba Cannon Construction | Insider | $ 223,833.52 | $ 273,833.52 |
| Cape Associates, L.L.C. | Insider | $ 29,300.00 | $ 29,300.00 |
| Capital Resource Solutions, LLC | Non-Insider | $ | $ 445,129.87 |
| Carolina Care, LLC | Non-Insider | $ | $ 24,000.00 |
| City of Kinston | Non-Insider | $ | $ 56,936.66 |
| City of Wilson | Non-Insider | $ | $ 8,852.08 |
| Crescent State Bank | Non-Insider | $ | $ 11,500.00 |
| DeltaCom, Inc. | Non-Insider | $ | $ 6,299.83 |
| Dona H. Burrell | Insider | $ 52,750.00 | $ 62,750.00 |
| First Eastern, LLC | Insider | $ 942,720.83 | $ 988,021.03 |
| GEMSA Loan Services, Limited Partnership | Non-Insider | $ | $ 94,900.00 |
| Institution Food House, Inc. | Non-Insider | $ | $ 645,595.87 |
| Institutional Services, L.L.C. | Insider | $ 90,000.00 | $ 130,000.00 |
| Jette Ferrell | Non-Insider | $ | $ 8,005.00 |
| John F. Smith III | Insider | $ 50,000.00 | $ 50,000.00 |
| Joshua Houghton | Insider | $ 70,047.67 | $ 103,047.67 |
| National Assisted Living Risk Retention Group and/or Rinklin-Shuttleworth of Georgia, LLC | Non-Insider | $ | $ 3,430.00 |
| Opesnet Corporation | Non-Insider | $ | $ 23,667.77 |
| Pachki, Incorporated. dba Andy Anderson Agency | Non-Insider | $ | $ 18,223.02 |
| Pinewood Associates, a General Partnership and/or Pinewood of Pink Hill, LLC | Non-Insider | $ | $ 52,584.01 |
| Powell Properties of Durham County, LLC | Insider | $ 103,933.12 | $ 103,933.12 |
| Red Mortgage Capital, Inc. | Non-Insider | $ | $ 55,901.99 |
| Robert D. Shelley | Insider | $ 153,000.00 | $ 153,000.00 |
| Dawn O. Rowland and/or Walter D. Rowland | Insider | $ 655.57 | $ 655.57 |
| Saundra Etheridge | Insider | $ 4,282.49 | $ 4,282.49 |
| Stanley E. Brunson Jr. | Insider | $ 21,737.34 | $ 28,237.34 |
| Susan W. Simms | Insider | $ 5,591.81 | $ 10,589.70 |
| WFY, LLC, Robert D. Shelley dba WYC, LLC and/or Ed Prince dba WYC, LLC | Insider | $ 22,500.00 | $ 30,000.00 |