IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CAREMERICA, INC., | ) | Case No. 06-02913-8-JRL |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |
| JAMES B. ANGELL, Chapter 7 Trustee of | ) | |
| Caremerica, Inc. and the consolidated cases, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. No. 08-00174-8-JRL |
| | ) | |
| vs. | ) | |
| | ) | |
| BER CARE, INC., f/k/a PPS, Inc.; ADCAR, INC.; ANN H. DAY; ANTONIA P. ELLIOTT, f/k/a Antonia Ferrara; JOSEPH ALEX CANNON JR.; CHER CANNON; DIVERSIFIED ENTERPRISE, INC., d/b/a Cannon Construction; CAPE ASSOCIATES, LLC; CAPITAL RESOURCE SOLUTIONS, LLC; CAROLINA LONG TERM CARE, LLC, d/b/a Carolina Care, LLC; CITY OF KINSTON; CITY OF WILSON; CRESCENT STATE BANK; DELTACOM, INC.; DONA H. BURRELL; FIRST EASTERN, LLC; GEMSA LOAN SERVICES, LIMITED PARTNERSHIP; INSTITUTION FOOD HOUSE, INC.; INSTITUTIONAL SERVICES, LLC; JETTE FERRELL; JOHN F. SMITH III; JOSHUA HOUGHTON; NATIONAL ASSISTED LIVING RISK RETENTION GROUP and/or RINKLIN-SHUTTLEWORTH OF GEORGIA, LLC; OPESNET CORPORATION; PACHKI, INCORPORATED, d/b/a Andy Anderson Agency; PINEWOOD ASSOCIATES, a General Partnership, and/or PINEWOOD OF PINK HILL, LLC; POWELL PROPERTIES | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

| | |
|---|---|
| OF DURHAM COUNTY, LLC; RED MORTGAGE CAPITAL, INC.; ROBERT D. SHELLEY; DAWN O. ROWLAND and/or WALTER D. ROWLAND; SAUNDRA ETHERIDGE; STANLEY E. BRUNSON JR.; SUSAN W. SIMMS; WFY, LLC; ROBERT D. SHELLEY d/b/a WYC, LLC, and/or ED PRINCE d/b/a WYC, LLC, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## ANSWER OF INSTITUTION FOOD HOUSE, INC., TO COMPLAINT TO AVOID AND RECOVER PREFERENTIAL AND/OR FRAUDULENT TRANSFERS, AS AMENDED

Institution Food House, Inc. ("IFH"), answers Plaintiff's Complaint to Avoid and Recover Preferential and/or Fraudulent Transfers, as amended, as follows:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted as to IFH and should be dismissed as to IFH pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure.

### SECOND AFFIRMATIVE DEFENSE

Any alleged transfers received by IFH, upon information and belief, in whole or in part, were contemporaneous exchanges or substantially contemporaneous exchanges between Caremerica, Inc. ("Debtor"), and IFH.

### THIRD AFFIRMATIVE DEFENSE

Any alleged transfers received by IFH, upon information and belief, were in payment of debts incurred in the ordinary course of business or financial affairs of the Debtor and IFH or were made according to ordinary business terms.

## FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, IFH furnished to the Debtor new value sufficient to offset and recoup any claim made by James B. Angell ("Trustee") against IFH.

## FIFTH AFFIRMATIVE DEFENSE

IFH provided reasonably equivalent value as consideration for the transfers alleged to have been received by it. IFH delivered valuable goods on numerous occasions to the Debtor during the period in question.

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, the Debtor was not insolvent at the time of the transfers alleged to have been received by IFH, was not made insolvent by the transfers, was not engaged or about to engage in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital, and did not intend to incur, or believe the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

## GENERAL DEFENSES

1. IFH admits Paragraph 1 of the Complaint.

2. IFH admits Paragraph 2 of the Complaint.

3. IFH admits Paragraph 3 of the Complaint.

4. IFH admits Paragraph 4 of the Complaint.

5. IFH admits Paragraph 5 of the Complaint.

## GENERAL ALLEGATIONS

6. IFH lacks sufficient information and belief by which to admit or deny the allegations of Paragraph 6 of the Complaint and therefore denies same.

7. IFH lacks sufficient information and belief by which to admit or deny the allegations of Paragraph 7 of the Complaint and therefore denies same.

8. IFH lacks sufficient information and belief by which to admit or deny the allegations of Paragraph 8 of the Complaint and therefore denies same.

9. IFH lacks sufficient information and belief by which to admit or deny the allegations of Paragraph 9 of the Complaint and therefore denies same.

10. IFH lacks sufficient information and belief by which to admit or deny the allegations of Paragraph 10 of the Complaint and therefore denies same.

11. Responding to Paragraph 11 of the Complaint, IFH admits that it received some payments for goods sold. All other allegations of Paragraph 11 are denied.

12. Responding to Paragraph 12 of the Complaint, IFH admits that it received some payments for goods sold. All other allegations of Paragraph 12 are denied.

13. IFH denies the allegations of Paragraph 13 of the Complaint.

COUNT I
AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFER
PURSUANT TO 11 U.S.C. SECS. 547, 550, AND 551
(Conduit Theory)

14. IFH restates and incorporates by reference the responses to allegations in Paragraphs 1 through 13 of the Complaint as if fully set forth herein.

15. IFH lacks sufficient information and belief by which to admit or deny the allegations of Paragraph 15 of the Complaint and therefore denies same. However, it is admitted that some sums were received by IFH for goods sold.

16. IFH lacks sufficient information and belief by which to admit or deny the allegations of Paragraph 16 of the Complaint and therefore denies same. However, it is admitted that some sums were received by IFH for goods sold.

17. The allegations of Paragraph 17 of the Complaint are denied.

18. IFH lacks sufficient information and belief by which to admit or deny the allegations of Paragraph 18 of the Complaint and therefore denies same.

19. IFH lacks sufficient information and belief by which to admit or deny the allegations of Paragraph 19 of the Complaint and therefore denies same.

20. IFH lacks sufficient information and belief by which to admit or deny the allegations of Paragraph 20 of the Complaint and therefore denies same.

21. IFH lacks sufficient information and belief by which to admit or deny the allegations of Paragraph 21 of the Complaint and therefore denies same.

22. IFH lacks sufficient information and belief by which to admit or deny the

allegations of Paragraph 22 of the Complaint and therefore denies same.

    23.    IFH denies the allegations of Paragraph 23 of the Complaint.

COUNT II
AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER
PURSUANT TO 11 U.S.C. SECS. 548, 550, AND 551
(Conduit Theory)

    24.    IFH restates and incorporates by reference the responses to allegations in Paragraphs 1 through 23 of the Complaint as if fully set forth herein.

    25.    IFH lacks sufficient information and belief by which to admit or deny the allegations of Paragraph 25 of the Complaint and therefore denies same.

    26.    Responding to Paragraph 26 of the Complaint, it is admitted that IFH received payment for goods sold within two years of the filing of the petition. All other allegations of Paragraph 26 are denied.

    27.    IFH lacks sufficient information and belief by which to admit or deny the allegations of Paragraph 27 of the Complaint and therefore denies same.

    28.    IFH lacks sufficient information and belief by which to admit or deny the allegations of Paragraph 28 of the Complaint and therefore denies same.

    29.    IFH lacks sufficient information and belief by which to admit or deny the allegations of Paragraph 29 of the Complaint and therefore denies same.

    30.    IFH denies the allegations of Paragraph 30 of the Complaint.

COUNT III
AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFER
PURSUANT TO 11 U.S.C. SECS. 547, 550, AND 551
(Immediate or Mediate Transferee Theory)

    31.    IFH restates and incorporates by reference the responses to allegations in Paragraphs 1 through 30 of the Complaint as if fully set forth herein.

    32.    IFH lacks sufficient information and belief by which to admit or deny the allegations of Paragraph 32 of the Complaint and therefore denies same. However, it is admitted that some sums were received by IFH for goods sold.

    33.    IFH lacks sufficient information and belief by which to admit or deny the allegations of Paragraph 33 of the Complaint and therefore denies same.

34. IFH lacks sufficient information and belief by which to admit or deny the allegations of Paragraph 34 of the Complaint and therefore denies same.

35. Paragraph 35 of the Complaint is denied.

36. IFH lacks sufficient information and belief by which to admit or deny the allegations of Paragraph 36 of the Complaint and therefore denies same.

37. IFH lacks sufficient information and belief by which to admit or deny the allegations of Paragraph 37 of the Complaint and therefore denies same.

38. IFH lacks sufficient information and belief by which to admit or deny the allegations of Paragraph 38 of the Complaint and therefore denies same.

39. Responding to Paragraph 39 of the Complaint, IFH admits that the Bankruptcy Code Sec. 547 provides that preferential transfers may be avoidable, subject to certain defenses. IFH lacks sufficient information and belief by which to admit or deny the remaining allegations of Paragraph 39 of the Complaint and therefore denies same.

40. IFH lacks sufficient information and belief by which to admit or deny the allegations of Paragraph 40 of the Complaint and therefore denies same.

41. IFH denies the allegations of Paragraph 41 of the Complaint.

## COUNT IV
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER
## PURSUANT TO 11 U.S.C. SECS. 548, 550, AND 551
(Immediate or Mediate Transferee Theory)

42. IFH restates and incorporates by reference the responses to allegations in Paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43. IFH lacks sufficient information and belief by which to admit or deny the allegations of Paragraph 43 of the Complaint and therefore denies same.

44. IFH admits that 11 U.S.C. Sec. 548 provides for the avoidance of fraudulent transfers. All other allegations of Paragraph 44 of the Complaint are denied.

45. IFH lacks sufficient information and belief by which to admit or deny the allegations of Paragraph 45 of the Complaint and therefore denies same.

46. IFH denies the allegations of Paragraph 46 of the Complaint.

PRAYER

WHEREFORE, IFH prays that the Trustee's Complaint, as amended, be dismissed, that Trustee have and recover nothing by his Complaint, that costs be taxed against Trustee, and that IFH receive such other and further relief as the Court deems just and proper.

Respectfully submitted this the 20th day of October, 2008.

    /S/ J. Samuel Gorham, III
J. Samuel Gorham, III
N.C. State Bar No. 1692
Attorney for Institution Food House, Inc.
Gorham, Crone, Green & Steele, LLP
Post Office Box 2507
Hickory, NC  28603
Telephone:  (828) 322-5505
Facsimile:  (828) 328-1882

CERTIFICATE OF SERVICE

I do hereby certify that on October 20, 2008, a copy of the Answer was duly served upon Trustee herein by delivering a copy of same via first-class mail, postage prepaid, addressed as follows:

James B. Angell, Esq.
Chapter 7 Trustee
Howard, Stallings, From & Hutson, P.A.
P.O. Box 12347
Raleigh, NC  27605

This the 20th day of October, 2008.

/S/ J. Samuel Gorham, III
J. Samuel Gorham, III
N.C. State Bar No. 1692
Attorney for Institution Food House, Inc.
Gorham, Crone, Green & Steele, LLP
Post Office Box 2507
Hickory, NC  28603
Telephone:  (828) 322-5505
Facsimile:  (828) 328-1882