United States Bankruptcy Court
For the Eastern District of North Carolina

| | |
|---|---|
| In re:<br>Caremerica, Inc.<br>        Debtor | Case Number: 06-02913-8-JRL |
| James B. Angell, Chapter 7 Trustee<br>        Plaintiff | Adversary Proceeding Case Number:<br>08-00174-8-JRL |
| v | |
| BER CARE, INC., f/k/a PPS, Inc.,<br>Adcar, Inc., Ann H. Day, Antonia P. Elliott<br>Antonia Ferrara, Joseph Alex Cannon Jr.,<br>Cher Cannon, Diversified Enterprises, Inc.<br>d/b/a Cannon Construction, Cape Associates,<br>L.L.C., Capital Resource Solutions, LLC,<br>Carolina Care, LLC, City of Kinston,<br>City of Wilson, Crescent State Bank,<br>DeltaCom, Inc., Dona H. Burrell,<br>First Eastern, LLC, GEMSA Loan Services,<br>Limited Partnership, Institution Food<br>House, Inc., Institutional Services, L.L.C.,<br>Jette Ferrell, John F. Smith III,<br>Joshua Houghton, National Assisted Living<br>Risk Retention Group and/or<br>Rinklin-Shuttleworth of Georgia, LLC,<br>Opesnet Corporation, Pachki, Incorporated,<br>d/b/a Andy Anderson Agency, Pinewood<br>Associates, a General Partnership and/or<br>Pinewood of Pink Hill, LLC, Powell Properties<br>of Durham County, LLC Red Mortgage Capital,<br>Inc., Robert D. Shelley, Dawn O. Roland and/or<br>Walter D. Rowland, Saundra Etheridge, Stanley<br>E. Brunson, Jr., Susan W. Simms, WFY, LLC,<br>Robert D. Shelley d/b/a WYC, LLC and/or<br>Ed Prince d/b/a WYC, LLC<br>        Defendants | Memorandum of Defendants<br>First Eastern LLC and<br>Powell Properties of<br>Durham County, LLC |

      Defendants First Eastern, LLC and Powell Properties of Durham County, LLC submit this memorandum in support of their motion of even date to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7012 of the Federal Rules of Bankruptcy Procedure.

1

Plaintiff-trustee's complaint seeks recovery from defendant First Eastern, LLC of "at least" $942,720.83 as a preference under 11 USC §547 and of "at least" $988,021.03 as a fraudulent transfer under the actual fraud provisions of 11 USC §548(a)(1)(A) and as a fraudulent transfer under the transfer for less than reasonably equivalent value or constructive fraud provisions of 11 USC §548(a)(1)(B).  Plaintiff-trustee's complaint seeks recovery from defendant Powell Properties of Durham County, LLC of "at least" $103,933.12 as a preference under 11 USC §547 and of "at least" $103,933.12 as a fraudulent transfer under the actual fraud provisions of 11 USC §548(a)(1)(A) and as a fraudulent transfer under the transfer for less than reasonably equivalent value or constructive fraud provisions of 11 USC §548(a)(1)(B).  These defendants have filed a motion to dismiss plaintiff's complaint for failure of the complaint to state a claim upon which relief can be granted pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure.  These defendants submit this memorandum in support of the motion to dismiss.

The trustee has filed four separate adversary proceedings seeking recovery of alleged preferences and fraudulent transfers from these defendants and related natural persons and limited liability companies.  These adversary proceedings are summarized as follows:

| case number | defendant | §547 Claim | §548 Claim |
|---|---|---|---|
| 08-00157 | First Eastern, LLC | at least $320,911.82 | at least $389,105.25 |
| 08-00174 | First Eastern, LLC | at least $942,720.83 | at least $988,021.03 |
|  | Powell Properties of Durham County, LLC | at least $103,933.12 | at least $103,933.12 |
| 08-00181 | First Eastern, LLC | at least $13,537.62 | at least $13,537.62 |
|  | Raleigh Assisted Living, LLC | at least $15,000.00 | at least $15,000.00 |
| 08-00185 | Rose Hill Enterprises, LLC | at least $10,000.00 | at least $10,000.00 |
|  | Powell/Rhoades, LLC | at least $10,000.00 | at least $10,000.00 |
|  | C. Steven Powell | at least $10,000.00 | at least $10,000.00 |
|  | Robin W. Powell | at least $10,000.00 | at least $10,000.00 |
|  | Hazel H. Powell | at least $10,000.00 | at least $10,000.00 |
|  | Powell Properties of Durham County, LLC | at least $10,000.00 | at least $10,000.00 |
|  | Raleigh Assisted Living, LLC | at least $10,000.00 | at least $10,000.00 |
|  | Grifton Assisted Living, LLC | at least $10,000.00 | at least $10,000.00 |

| | | |
|---|---|---|
| Greenville Assisted Living, LLC | at least $10,000.00 | at least $10,000.00 |
| Rocky Mount Assisted Living, LLC | at least $10,000.00 | at least $10,000.00 |

Although the present Federal Rules of Civil Procedure are based upon the notice pleading concept, there are basic standards for pleadings, and various courts have dealt with the standards applicable to §547 and §548 claims.  Rule 8(a) states in part:

> A pleading that contains a claim for relief must contain …a short and plain statement of the claim showing that the pleader is entitled to relief; and…a demand for the relief sought….

Rule 9(b) states in part:

> In alleging fraud…, a party must state with particularity the circumstances constituting fraud….

These pleading requirements are important from a defendant's perspective.  A defendant must understand the nature of the claim to be able to admit or deny the allegations and to assert appropriate affirmative defenses under Rule 8(c) and also assert any compulsory counterclaim under Rule 13.  A compulsory counterclaim "…arises out of a transaction or occurrence that is the subject matter of the opposing party's claim…."

Trustee's §547 Claim

The trustee's complaint in the §547 claim:

- States the trustee is the trustee in bankruptcy for five different debtor corporations.
- States one or more of debtors "made certain transfers to the Defendant in the amount of at least $942,720.83" in the year prior to the filing of debtors' petitions on September 15, 2006 for First Eastern.
- States one or more of debtors "made certain transfers to the Defendant in the amount of at least $103,933.12" in the year prior to the filing of debtors' petitions on September 15, 2006 for Powell Properties.
- Recites, without factual elaboration, the elements of an insider preference claim under §547(b).

The trustee's §547 claim does not state: what property was transferred, which debtor transferred the property, the date or dates of the transfer, the amount or amounts of the transfer,

3

and the means of the transfer. Neither does the complaint identify the alleged antecedent debt. Moreover, the complaint does not show any grounds why these defendants should be considered an insider.

The trustee's §547 claim for relief should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. This claim is insufficient under Rule 8. Counsel for these defendants has not been able to locate any Eastern District of North Carolina reported cases on point. However, the Bankruptcy Court for the District of Delaware addressed the pleading standards for a §547 preference claim under Rule 12(b)(6) and held:

> …the following information must be included in a complaint to avoid preferential transfers in order to survive a motion to dismiss: (a) an identification of the nature and amount of each antecedent debt and (b) an identification of each alleged preference transfer by (i) date, (ii) name of debtor/transferor, (iii) name of transferee and (iv) the amount of the transfer. *Valley Media, Inc. v. Borders, Inc.*, 288 B.R. 189,192 (Bankr.D.Del., 2003)

The Eastern District of North Carolina should follow the *Valley Media* ruling. *Valley Media* gives a preference defendant notice of the transaction or transactions the trustee is challenging. Such notice is particularly important in a preference case where debtor and defendant had extensive pre-petition dealings and engaged in numerous, legitimate, repetitive, business transactions prior to the bankruptcy filing. *Valley Media* puts a preference defendant on notice as to which transactions the trustee is challenging and which transactions the trustee is not challenging.

*Valley Media* allows the preference defendant to plead appropriate defenses. A preference defendant may have numerous defenses. The trustee must satisfy all the preference elements stated in §547(b). Section 547(c) provides affirmative defenses including, without limitation: a contemporaneous exchange for new value under §547(c)(1), an ordinary course of business defense under §547(c)(2), and a subsequent new value defense under §547(c)(4). These defenses turn on the dates and amounts of the challenged transactions. A preference defendant may also have a "mere conduit" defense or other defenses under §550. Such defenses might be evident on the face of the complaint if the trustee complies with the *Valley Media* requirements. The trustee should be required to identify the challenged transactions so First Eastern can frame an appropriate responsive pleading.

These adversary proceedings further demonstrate the necessity of requiring the trustee to identify the challenged transfers by providing the *Valley Media* information. These defendants are unable to identify the transferor or the challenged transfers in this adversary proceeding. These defendants are unable to determine the total amount of the transfers in this adversary proceeding because the trustee uses "at least" language to modify the amount which is stated in this adversary proceeding. To complicate matters, the trustee has filed not only this adversary proceeding, but three other related adversary proceedings. These defendants are unable to distinguish transfers challenged in one adversary proceeding from transfers challenged in the other adversary proceedings. The trustee's complaint must identify which transactions the trustee is challenging.

The trustee lists all defendants on exhibit A attached to the complaint and designates some defendants as insiders and others as non-insiders. The trustee gives no explanation as to why any defendant is designated as an insider or non-insider. There is no fact stated in the complaint which indicates why these defendants should be treated as insiders under 11 USC §101(31). If the trustee is going to assert claims against a defendant as an insider, the trustee should be required to allege that the defendant is an insider and, more importantly, state why the trustee considers the defendant an insider. The court should dismiss the trustee's complaint because the trustee does not state why these defendants should be treated as insiders.

The Bankruptcy Court for the Northern District of Illinois addressed the situation where the trustee asserted an insider preference claim. *Brandt v. American National Bank and Trust Company of Chicago, 188 B.R. 239 (Bankr.N.D.Ill., 1995)*. The trustee argued the one year preference period applied under the *Deprizio* ruling then in effect. When the court found that *Deprizio* did not apply, it dismissed the preference claim under Rule 12(b)(6). *188 B.R. 239, 243*. *Brandt* is an important decision. *Brandt* shows the court dismissing a preference claim under Rule 12(b)(6) when the court determines from the face of the complaint that the transferee is not an insider. The trustee should be required to state why defendant is alleged to be an insider. The court can then weed out cases where defendant is not an insider as a matter of law.

There were extensive dealings between the parties. The trustee's complaint should place these defendants on notice as to which transactions the trustee is challenging. The complaint is simply inadequate to place these defendants on notice as to which transactions are being

challenged in this adversary proceeding and permit these defendants to frame an appropriate response. The court should dismiss the §547 claim under Rule 12(b)(6).

## Trustee's §548 Claim

The trustee's complaint in the §548 claim:

- States the trustee is the trustee in bankruptcy for five different debtor corporations.
- States one or more of the debtors "…made certain transfers to the Defendant in the amount of at least $988,021.03" in the two years prior to the filing of debtors' petitions on September 15, 2006 for First Eastern.
- States one or more of the debtors "…made certain transfers to the Defendant in the amount of at least $103,933.12" in the two years prior to the filing of debtors' petitions on September 15, 2006 for Powell Properties.
- Recites, without factual elaboration, some of the elements of a fraudulent transfer under §548(a)(1).
- States the transfers "were made with the actual intent to hinder, delay, or defraud an entity" to which the transferring debtor was then or later became indebted.
- States the transferring corporation "…received less than the reasonably equivalent value in exchange from the Defendant…" to the extent these defendants may not have been a creditor of the transferring corporation.

The trustee's §548 claim does not state: what property was transferred, which debtor transferred the property, the date or dates of the transfer, the amount or amounts of the transfer, and the means of the transfer. The complaint does not state that the transferring debtor was the entity which possessed the intent to defraud. The complaint does not state why the alleged transfer was fraudulent under the actual fraud provisions of §548(a)(1)(A). The complaint does not state what was received in exchange for the transfer under the constructive fraud provisions of §548(a)(1)(B).

Although *Valley Media* is a §547 case, the court's reasoning also applies to a §548 case. Moreover, the *Valley Media* requirements are more important in a §548 case than in a §547 case given the Rule 9(b) requirement for pleading the circumstances constituting fraud with particularity. The court should extend *Valley Media* to cover §548 complaints and require:

6

> … an identification of each alleged preference transfer by (i) date, (ii) name of debtor/transferor, (iii) name of transferee and (iv) the amount of the transfer.
> *Valley Media, Inc. v. Borders, Inc., 288 B.R. 189,192 (Bankr.D.Del., 2003)*

Such an extension will allow fraudulent transfer defendants to know which transfers are actually challenged by the trustee and permit defendants to frame appropriate responsive pleadings.

### §548(a)(1)(A) Actual Fraud

The trustee's claim under the actual fraud provisions of §548(a)(1)(A) must be dismissed under Rule 12(b)(6). The trustee's complaint does not meet basic pleading requirements. It falls short of the Rule 8(a) requirement that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint does not sufficiently identify the transfer. Neither does the trustee's claim meet the requirements of Rule 9(b). This rule requires that circumstances constituting fraud must be stated "with particularity." The complaint does not state what was fraudulent about the transfer. The complaint does not identify the fraud and certainly does not describe the fraudulent circumstances with particularity.

In *Brandt v. American National Bank and Trust Company of Chicago, 188 B.R. 239 (Bankr.N.D.Ill., 1995)*, the court held that the complaint failed to state a claim for relief on both the actual fraud claim and the constructive fraud claim. The §548(a)(1)(A) actual fraud claim was insufficient because the trustee's complaint alleged that the transfers were made with "actual intent to hinder, delay, or defraud" and argued that the debtor's Ponzi scheme operation satisfied the actual fraud requirement. The Illinois court held these allegations failed to state a claim, *188 B.R. 239, 244*. In the case before this court, all the trustee alleges is the basic statutory language of "actual intent to hinder, delay, or defraud." The present complaint fails to state an actual fraud claim and should be dismissed.

### §548(a)(1)(B) Constructive Fraud Claim

The trustee's claim for recovery of an alleged fraudulent transfer based on constructive fraud or a transfer made for less than reasonably equivalent value under §548(a)(1)(B) must also be dismissed. The complaint does not identify what was transferred, what was received in exchange, the value of the transferred property, and the value of whatever was received in exchange for the transfer.

In *Global Link Liquidating Trust v. Avantel, S.A., 327 B.R. 711 (Bankr.D.Del., 2005)*, the court addressed the issue of whether a §548(a)(1)(B) complaint was pleaded sufficiently to

7

withstand a Rule 12(b)(6) dismissal.  The complaint stated the §548(a)(1)(B) elements and attached a list of transfers.  The court recognized that a trustee's complaint may be analyzed under a "liberalized" Rule 9(b) standard.  However, the court held that the trustee's complaint still failed to state a claim.  The court noted that the complaint gave no information on the value of what was received by the debtor in exchange for the alleged transfer.

The complaint in the adversary proceeding before this court is even weaker.  As in *Global*, the complaint states the statutory elements.  However, in the present case, there is no list of transfers.  No dates are given.  The property received in exchange for the transfer is not identified.  No value is stated for the property transferred.  As in *Global*, the complaint does not place a value on the property received in exchange for the transfer.  The court should dismiss the trustee's complaint.

Reasonably equivalent value can be a question of law.  Courts have held that §548(a)(1)(B) complaints are subject to dismissal as a matter of law where the complaint reveals reasonably equivalent value was exchanged.  The Bankruptcy Court for the District of Delaware held that payment on a debt can be reasonably equivalent value so that no constructive claim was stated in *Pardo v. Gonzaba, 303 B.R. 183, 187 (Bankr.D.Del., 2004).*  The *Brandt* court found that §548(a)(1)(B) constructive fraud claim failed to state a claim because payments by the debtor to the defendant reduced debtor's obligations to defendant, and the reduction constituted "reasonably equivalent value."  *188 B.R. 239, 244.*  The Bankruptcy Court for the Eastern District of Virginia similarly dismissed a §548(a)(1)(B) claim in *Official Committee of Unsecured Creditors* of *Heilig-Meyers Company v. Wachovia Bank, N.A., 297 B.R. 46, 55 (Bankr.E.D.Va., 2003).*

In a constructive fraud case, the trustee should be required to identify and value both the property transferred by debtor and the property debtor received in exchange.  If the trustee is required to plead such facts in the complaint, the trustee will have to determine the specific transactions the trustee is challenging and weed out those transactions the trustee is not challenging.  The court will be able to review the complaint under a Rule 12(b)(6) challenge and dismiss the complaint as a matter of law when the complaint reveals reasonably equivalent value was exchanged.

While counsel for these defendants has not located any reported cases for the Eastern District of North Carolina concerning the pleading requirements for §547 and §548 claims,

counsel has reviewed two orders entered in March of this year denying dismissals of §548 claims. *American Credit Company v. Broach, Adversary Proceeding 07-00104-8, March 20, 2008. American Credit Company v. Evans, Adversary Proceeding 07-00119-8, March 26, 2008.* The decisions in these two adversary proceedings are consistent with defendant's request for dismissal of this case under Rule12(b)(6).

In the two *American Credit Company* adversary proceedings, the complaints identified the date of the transfer, the name of the transferring debtor, the name of the transferee, a description of what was transferred, and the amount of the transfers. The complaints further described the circumstances surrounding the transfers. The complaints also stated that defendants were insiders and why plaintiff considered defendants as insiders. The *American Credit Company* complaints contained the *Valley Media* elements as they should be made applicable to §548 claims. The *American Credit Company* complaints put defendant on fair notice as to the specific transfers being challenged as required by *Conley v. Gibson, 355 U.S. 41 (1957)*. The trustee's complaint in the case before the court does not put defendant on notice as to which transactions between debtor and defendant the trustee now challenges.

The trustee's complaint does not sufficiently state a claim to recover a fraudulent transfer under the actual fraud provisions of §548(a)(1)(A) or under the constructive fraud provisions of §548(a)(1)(B). The trustee's §548 claim should be dismissed.

## Conclusion

These adversary proceedings do not further, but instead frustrate, the policies underlying the preference and fraudulent transfer provisions contained in §547 and §548. These sections should discourage creditor collection action which may force a bankruptcy filing. These sections should foster equal treatment of creditors subject, of course, to creditor priorities and treatment of collateral as recognized in state law and in the Bankruptcy Code. These adversary proceedings do not indicate that defendants initiated collection action. To the contrary, the complaints indicate debtors voluntarily initiated and agreed to these transactions. Furthermore, the complaint in adversary proceeding 08-00185 identifies the relationship of the parties as debtors being primarily tenants and defendants being primarily landlords. Landlords are entitled to their rent under state law as well as under bankruptcy law. The trustee has little chance of obtaining a significant preference or fraudulent transfer recovery given this underlying relationship between parties.

The trustee's complaint fails to state a claim upon which relief can be granted. This complaint fails to put these defendants on notice as to the particular transactions the trustee is challenging. The complaint is not pleaded with sufficient particularity as to the circumstances constituting fraud. The court should dismiss the complaint for failure to state a claim upon which relief can be granted.

Wherefore defendants First Eastern, LLC and Powell Properties of Durham County, LLC pray the court to dismiss all claims asserted in this adversary proceeding pursuant to Rule 12(b)(6) of the Rule of Civil Procedure and Federal Rules of Bankruptcy Procedure Rule 7012.

This the 4th day of November, 2008.

|  |  |
|---|---|
|  | s/John S. Williford, Jr. |
| Fields & Cooper, PLLC | John S. Williford, Jr. |
| Attorneys at Law | North Carolina Bar No. 7395 |
| P. O. Box 4538 | Attorney for Defendants First Eastern, LLC |
| Rocky Mount, NC 27803 | and Powell Properties of Durham County, LLC |
| Telephone: (252) 442-3115 | P.O. Box 4538 |
|  | Rocky Mount, NC 27803 |

Certificate of Service

I, the undersigned, do hereby certify that a true copy of the foregoing memorandum was this day served on the other parties by placing a true copy thereof in an envelope, which envelope was then sealed and postage thereon fully prepaid, and on this day said envelope was thereafter deposited in an official depository of the United States Postal Service under the exclusive care and custody of the United States Postal Service, said envelope being properly addressed to the attorney of record of the other parties as follows:

    James B. Angell, Esq.
    Howard, Stallings, From & Hutson, P.A.
    P.O. Box 12347
    Raleigh, NC 27605

    Philip W. Paine, Esq.
    Howard, Stallings, From & Hutson, P.A.
    P.O. Box 12347
    Raleigh, NC 27605

    C. Christopher Smith, Esq.
    4850 Fayetteville Road, Suite C
    Lumberton, NC 28358-2100

    David W. Long, Esq.
    3600 Glenwood Avenue
    Raleigh, NC 27612

    William P. Janvier, Esq.
    Everett Gaskins Hancock & Stevens, LLP
    P.O. Box 911
    Raleigh, NC 27602

    Michael P. Peavey, Esq.
    P.O. Box 1115
    Wilson, NC 27894

    John A. Northen, Esq.
    Northen Blue, LLP
    P.O. Box 2208
    Chapel Hill, NC 27515-2208

Patrick Donovan Riley, Esq.
Rose Rand Attorneys, P.A.
P.O. Drawer 2367
Wilson, NC 27894-2367

Christopher T. Graebe, Esq.
Graebe Hanna & Welborn, PLLC
4350 Lassister at North Hills, Suite 375
Raleigh, NC 27609

Douglas Hanna, Esq.
Graebe Hanna & Welborn, PLLC
4350 Lassister at North Hills, Suite 375
Raleigh, NC 27609

James Oliver Carter, Esq.
Carter & Carter, P.A.
408 Market Street
Wilmington, NC 28401

J. Samuel Gorham, III, Esq.
Gorham, Crone, Mace, Green & Cody LLP
P.O. Box 2507
Hickory, NC 28603

Algernon L. Butler, Jr., Esq.
Butler & Butler, L.L.P.
P.O. Box 38
Wilmington, NC 28402

Robert K. Imperial, Esq.
Williams Mullen Maupin Taylor
A Professional Corporation
P.O. Box 19764
Raleigh, NC 27619-9764

Gerald A. Jeutter, Jr., Esq.
P.O. Box 12585
Raleigh, NC 27605-2585

William E. Brewer, Jr.
The Brewer Law Firm
619 N. Person Street
Raleigh, NC 27604

Bettie Kelley Sousa, Esq.
Smith Debnam
P.O. Drawer 26268
Raleigh, NC 27611-6268

Paul A. Fanning, Esq.
P.O. Box 8088
Greenville, NC 27835-8088

Stephen G. Inman, Esq.
P.O. Drawer 53007
Fayetteville, NC 28305-3007

David L. Ray, Esq.
Fletcher, Ray & Satterfield, LLP
131 Racine Drive, Suite 201
Wilmington, NC 28403

Stephen L. Beaman, Esq.
P.O. Box 1907
Wilson, NC 27894

and to the parties named below as follows:

Antonia P. Elliot
1964 Cane Branch Road
Loris, SC 29569

Cape Associates, LLC
P.O. Box 5339
Sarasota, FL 34277

Capital Resource Solutions, LLC
P.O. Box 809
Clayton, NC 27520

Crescent State Bank
c/o Michael G. Carlton, registered agent
P.O. Box 5809
Cary, NC 27512

GEMSA Loan Services, Limited Partnership
c/o CT Corporation System, registered agent
225 Hillsborough Street
Raleigh, NC 27603

13

Institutional Services, L.L.C.
c/o Harry W. Haskins, registered agent
3400 S. Tamiami Trail, Suite 201
Sarasota, FL 34277

John F. Smith, III
26 Highwood Circle
Murrells Inlet, SC 29576-9770

National Assisted Living Risk Retention Group
Attn: Linda S. Nethery
Ranklin-Shuttleworth of Georgia LLC
5696 Peachtree Pkwy., Suite A
Norcross, GA 30092

Rinklin-Shuttleworth of Georgia, LLC
c/o Jeffrey L. Cohen, registered agent
3530 Rivermood Parkway, Suite 2220
Atlanta, GA 30339

Pachki, Incorporated
d/b/a Andy Anderson Agency
c/o Andrew Alfred Anderson, registered agent
2290 South Bay Street
Eustis, FL 32726

Red Mortgage Capital, Inc.
c/o Csc-Lawyers Incorporating Services
(Corporation Service Company), registered agent
50 W Broad Street, Suite 1800
Columbus, OH 43215

WFY, LLC
Attn: Robert Shelley, registered agent
1573 Pine Island Road
Myrtle Beach, NC 29577

Ed Prince
d/b/a WYC, LLC
2011 Ye Olde Kings Hwy.
N Myrtle Beach, SC 29582

This the 4th day of November, 2008.

14

Fields & Cooper, PLLC

By: s/John S. Williford, Jr.
P.O. Box 4538
Rocky Mount, NC 27803
Attorneys for Defendants First Eastern, LLC and Powell Properties of Durham County, LLC