UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | | |
|---|---|---|
| IN RE:  CAREMERICA, INC. | ) | CASE NO: 06-02913-8-JRL |
| DEBTOR | ) | CHAPTER 7 |
| | ) | |
| JAMES B. ANGELL, Trustee | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | ADVERSARY PROCEEDING |
| | ) | NO: 08-00174-8-JRL |
| BER CARE, INC., ET AL., | ) | |
| Defendants | ) | |

**ANSWER OF DEFENDANT CITY OF WILSON TO COMPLAINT TO AVOID AND
RECOVER PREFERENTIAL AND/OR FRAUDULENT TRANSFERS**

NOW COMES the Defendant, City of Wilson, through counsel, and responds to

Plaintiff's Complaint to Avoid and Recover Preferential and/or Fraudulent Transfers as follows:

**FIRST AFFIRMATIVE DEFENSE**

Pursuant to 11 U.S.C. § 547, any alleged preferential transfers received by Defendant

were contemporaneous exchanges or substantially contemporaneous exchanges between

Defendant and Caremerica, Inc., Caremerica Adult Care, Inc., The Meadows of Hermitage, Inc.,

The Meadows of Fayetteville, Inc., and The Meadows of Wilmington, Inc., ("Debtors").

**SECOND AFFIRMATIVE DEFENSE**

Pursuant 11 U.S.C. § 547, any alleged preferential transfers received by Defendant were

received in the ordinary course of business; made in the ordinary course of business; and made

according to ordinary business terms.

**THIRD AFFIRMATIVE DEFENSE**

Pursuant 11 U.S.C. § 547, any alleged preferential transfers received by Defendant are

not avoidable because after the alleged transfers, Defendant provided new value to or for the

benefit of the Debtors that was not secured and the Debtors did not make an otherwise avoidable transfer to or for the benefit of Defendants on account of such new value.

## FOURTH AFFIRMATIVE DEFENSE

Pursuant to 11 U.S.C. § 550, Defendant is a good faith mediate or immediate transferee of the initial transferee that took for value in good faith and without knowledge of the avoidability of the transfers.

## FIFTH AFFIRMATIVE DEFENSE

Pursuant 11 U.S.C. § 550, Plaintiff is entitled to a single recover and therefore Defendant is entitled to a credit for any and all amounts recovered by Plaintiff on account of the transfers at issue in the present action.

## RESPONSE TO COMPLAINT

Defendant responds to Plaintiff's complaint as follows:

1.      Defendant admits Paragraph 1 of the Complaint.

2.      Defendant admits Paragraph 2 of the Complaint.

3.      Defendant admits Paragraph 3 of the Complaint.

4.      Defendant admits Paragraph 4 of the Complaint.

5.      Defendant admits Paragraph 5 of the Complaint.

## GENERAL ALLEGATIONS

6.      Defendant is without sufficient information or belief to admit or deny the allegations of Paragraph 6 of Plaintiff's complaint and therefore denies the same.

7.      Defendant is without sufficient information or belief to admit or deny the allegations of Paragraph 7 of Plaintiff's complaint and therefore denies the same.

8.      Defendant is without sufficient information or belief to admit or deny the allegations of Paragraph 8 of Plaintiff's complaint and therefore denies the same.

9.      Defendant is without sufficient information or belief to admit or deny the allegations of Paragraph 9 of Plaintiff's complaint and therefore denies the same.

10.     Defendant is without sufficient information or belief to admit or deny the allegations of Paragraph 10 of Plaintiff's complaint and therefore denies the same.

11.     The allegations of Paragraph 11 are denied as to Defendant City of Wilson.

12.     The allegations of Paragraph 12 are denied as to Defendant City of Wilson.

13.     The allegations of Paragraph 13 are denied as to Defendant City of Wilson.

## COUNT I
## AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. §§§ 547, 550, and 551

14.     Defendant incorporates its responses to Paragraphs 1 – 13 as if set forth herein in their entirety.

15.     The allegations of Paragraph 15 are denied as to Defendant City of Wilson.

16.     The allegations of Paragraph 16 are denied as to Defendant City of Wilson.

17.     The allegations of Paragraph 17 are denied as to Defendant City of Wilson.

18.     Defendant is without sufficient information or belief to admit or deny the allegations of Paragraph 18 of Plaintiff's complaint and therefore denies the same.

19.     The allegations of Paragraph 19 are denied as to Defendant City of Wilson.

20.     The allegations of Paragraph 20 are denied as to Defendant City of Wilson.

21.     The allegations of Paragraph 21 are denied as to Defendant City of Wilson.

22.     Defendant is without sufficient information or belief to admit or deny the allegations of Paragraph 22 of Plaintiff's complaint and therefore denies the same.

23.     Defendant is without sufficient information or belief to admit or deny the allegations of Paragraph 23 of Plaintiff's complaint and therefore denies the same.

## COUNT II
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER
## PURSUANT TO 11 U.S.C. §§§ 548, 550, AND 551

24.     Defendant incorporates its responses to Paragraphs 1 – 23 as if set forth herein in their entirety.

25.     Defendant is without sufficient information or belief to admit or deny the allegations of Paragraph 25 of Plaintiff's complaint and therefore denies the same.

26.     Defendant is without sufficient information or belief to admit or deny the allegations of Paragraph 26 of Plaintiff's complaint and therefore denies the same.

27.     Defendant is without sufficient information or belief to admit or deny the allegations of Paragraph 27 of Plaintiff's complaint and therefore denies the same.

28.     Defendant is without sufficient information or belief to admit or deny the allegations of Paragraph 28 of Plaintiff's complaint and therefore denies the same.

29.     Defendant is without sufficient information or belief to admit or deny the allegations of Paragraph 29 of Plaintiff's complaint and therefore denies the same.

30.     The allegations of Paragraph 30 are denied as to Defendant City of Wilson.

## COUNT III
## AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFER
## PURSUANT TO 11 U.S.C. §§§ 547, 550, AND 551

31.     Defendant incorporates its responses to Paragraphs 1 – 31 as if set forth herein in their entirety.

32.     Defendant is without sufficient information or belief to admit or deny the allegations of Paragraph 32 of Plaintiff's complaint and therefore denies the same.

33.     Defendant is without sufficient information or belief to admit or deny the allegations of Paragraph 33 of Plaintiff's complaint and therefore denies the same.

34.     Defendant is without sufficient information or belief to admit or deny the allegations of Paragraph 34 of Plaintiff's complaint and therefore denies the same.

35.     Defendant is without sufficient information or belief to admit or deny the allegations of Paragraph 35 of Plaintiff's complaint and therefore denies the same.

36.     Defendant is without sufficient information or belief to admit or deny the allegations of Paragraph 36 of Plaintiff's complaint and therefore denies the same.

37.     Defendant is without sufficient information or belief to admit or deny the allegations of Paragraph 37 of Plaintiff's complaint and therefore denies the same.

38.     Defendant is without sufficient information or belief to admit or deny the allegations of Paragraph 38 of Plaintiff's complaint and therefore denies the same.

39.     In response to Paragraph 39, Defendant admits that Bankruptcy Code Sec. 547 provides that preferential transfers are avoidable, subject to certain defenses.  Defendant is without sufficient information or belief to admit or deny avoidance of the preferential transfers contained in Plaintiff's complaint and therefore denies the same.

40.     Defendant is without sufficient information or belief to admit or deny the allegations of Paragraph 40 of Plaintiff's complaint and therefore denies the same.

41.     The allegations of Paragraph 41 are denied as to Defendant City of Wilson.

**COUNT IV**
**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER PURSUANT TO**
**11 U.S.C. §§§ 548, 550, AND 551**

42.     Defendant incorporates its responses to Paragraphs 1 – 41 as if set forth herein in their entirety.

43.     Defendant is without sufficient information or belief to admit or deny the allegations of Paragraph 43 of Plaintiff's complaint and therefore denies the same.

44.     Defendant is without sufficient information or belief to admit or deny the allegations of Paragraph 44 of Plaintiff's complaint and therefore denies the same.

45.     Defendant is without sufficient information or belief to admit or deny the allegations of Paragraph 45 of Plaintiff's complaint and therefore denies the same.

46.     The allegations of Paragraph 46 are denied as to Defendant City of Wilson.

WHEREFORE, Defendant respectfully prays that the Court grant the following relief:

1.     That this action be dismissed with prejudice;

2.     That Plaintiffs have and recover nothing from Defendants;

2.     That Plaintiffs be charged with the costs of this action;

3.     That Defendants recover additional relief as this Court deems just and proper.

This the 17th day of November, 2008.

/s/ James P. Cauley, III_____
James P. Cauley
N.C. State Bar. No. 14156

/s/ Patrick D. Riley_____
Patrick D.Riley
N.C. State Bar. No. 37787
ROSE RAND ATTORNEYS, P.A.
Attorneys for Defendant City of Wilson
P.O. Drawer 2367
Wilson, NC 27894
Telephone:  (252) 291-3848
Facsimile:   (252) 291-9555

CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing Answer by depositing a copy thereof in an envelope bearing sufficient postage in the United States mail at Wilson, North Carolina, addressed to the following persons at the following addresses:

James B. Angell, Esq.
Howard, Stallings, From & Hutson, P.A.
P.O. Box 12347
Raleigh, NC 27605

Philip W. Paine, Esq.
Howard, Stallings, From & Hutson, P.A.
P.O. Box 12347
Raleigh, NC 27605

C. Christopher Smith, Esq.
4850 Fayetteville Road, Suite C
Lumberton, NC 28358-2100

David W. Long, Esq.
3600 Glenwood Avenue
Raleigh, NC 27612

William P. Janvier, Esq.
Everett Gaskins Hancock & Stevens, LLP
P.O. Box 911
Raleigh, NC 27602

Michael P. Peavey,Esq.
P.O. Box 1115
Wilson, NC 27894

John A. Northen, Esq.
Northen Blue, LLP
P.O. Box 2208
Chapel Hill, NC 27515-2208

Christopher T. Graebe, Esq.
Graebe Hanna & Welborn, PLLC
4350 Lassister at North Hills, Suite 375
Raleigh, NC 27609

Douglas Hanna, Esq.
Graebe Hanna & Welborn, PLLC
4350 Lassister at North Hills, Suite 375
Raleigh, NC 27609

James Oliver Carter, Esq.
Carter & Carter, P.A.
408 Market Street
Wilmington, NC 28401

J. Samuel Gorham, III, Esq.
Gorham, Crone, Mace, Green & Cody LLP
P.O. Box 2507
Hickory, NC 28603

Algemon L. Butler, Jr., Esq.
Butler & Butler, L.L.P.
P.O. Box 38
Wilmington, NC 28402

Robert K. Imperial, Esq.
Williams Mullen Maupin Taylor, P.C.
P.O. Box 19764
Raleigh, NC 27619-9764

Gerald A. Jeutter, Jr., Esq.
P.O. Box 12585
Raleigh, NC 27605-2585

William E. Brewer, Jr.
The Brewer Law Firm
619 N. Person Street
Raleigh, NC 27604

Bettie Kelley Sousa, Esq.
Smith Debnam
P.O. Drawer 26268
Raleigh, NC 27611-6268

Paul A. Fanning, Esq.
P.O. Box 8088
Greenville, NC 27835-8088

Stephen G. Inman, Esq.
P.O. Drawer 53007
Fayetteville, NC 28305-3007

David L. Ray, Esq.
Fletcher, Ray & Satterfield, LLP
131 Racine Drive, Suite 201
Wilmington, NC 28403

Stephen L. Beaman, Esq.
P.O. Box 1907
Wilson, NC 27894

and to the parties named below as follows:

Antonia P. Elliot
1964 Cane Branch Road
Loris, SC 29569

Cape Associates, LLC
P.O. Box 5339
Sarasota, FL 34277

Capital Resource Solutions, LLC
P.O. Box 809
Clayton, NC 27520

Crescent State Bank
c/o Michael G. Carlton, registered agent
P.O. Box 5809
Cary, NC 27512

GEMSA Loan Services, Limited Partnership
c/o CT Corporation System, registered agent
225 Hillsborough Street
Raleigh, NC 27603

Institutional Services, L.L.C.
c/o Harry W. Haskins, registered agent
3400 S. Tamiami Trail, Suite 201
Sarasota, FL 34277

John F. Smith, III
26 Highwood Circle
Murrells Inlet, SC 29576-9770

National Assisted Living Risk Retention Group
Attn: Linda S. Nethery
Ranklin-Shuttleworth of Georgia LLC
5696 Peachtree Pkwy., Suite A
Norcross, GA 30092

Rinklin-Shuttleworth of Georgia, LLC
c/o Jeffrey L. Cohen, registered agent
3530 Riverrnood Parkway, Suite 2220
Atlanta, GA 30339

Pachki, Incorporated d/b/a Andy Anderson Agency
c/o Andrew Alfred Anderson, registered agent
2290 South Bay Street
Eustis, FL 32726

Red Mortgage Capital, Inc.
c/o Csc-Lawyers Incorporating Services, registered agent
50 W Broad Street, Suite 1800
Columbus, OH 43215

WFY, LLC
Attn: Robert Shelley, registered agent
1573 Pine Island Road
Myrtle Beach, NC 29577

Ed Prince d/b/a WYC, LLC
2011 Ye Olde Kings Hwy.
N Myrtle Beach, SC 29582

This the 17th day of November, 2008.

/s/ James P. Cauley, III
James P. Cauley
N.C. State Bar. No. 14156

/s/ Patrick D. Riley
Patrick D.Riley
N.C. State Bar. No. 37787
ROSE RAND ATTORNEYS, P.A.
Attorneys for Defendant City of Wilson
P.O. Drawer 2367
Wilson, NC 27894
Telephone:  (252) 291-3848
Facsimile:  (252) 291-9555