**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILSON DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NO:** |
| **CAREMERICA, INC.** | **06-02913-8-JRL** |
| **DEBTOR** | **CHAPTER 7** |

James B. Angell, Chapter 7 Trustee for  )
Caremerica, Inc.                                      )
                                                             )
            Plaintiff,              )  ADVERSARY PROCEEDING NO.:
     vs.                                         )
                                                             )  08-00174-8-JRL
BER CARE, INC., f/k/a PPS, INC., Adcar, Inc. )
Ann H. Day, Antonia P. Elliot fka Antonia )
Ferrara, Joseph Alex Cannon Jr., Cher Cannon, )
Diversified Enterprise, Inc. dba Cannon )
Construction, Cape Associates, LLC, Capital )
Resource Solutions, LLC, Carolina Long Term )
Care, LLC dba  Carolina Care, LLC, City of )
Kinston, City of Wilson, Crescent State Bank, )
DeltaCom, Inc., Dona H. Burrell, First Eastern, )
LLC, GEMSA Loan Services, Limited )
Partnership, Institution Food House, Inc., )
Institutional Services, LLC, Jette Ferrell, John )
F. Smith, III, Joshua Houghton, National )
Assisted Living Risk Retention Group and/or )
Rinklin-Shuttleworth of Gerogia, LLC, Opesnet )
Corporation, Pachki, Incorporated dba Andy )
Anderson Agency, Pinewood Associates, a )
General Partnership and/or Pinewood of Pink )
Hill, LLC, Powell Properties of Durham County,)
LLC, Red Mortgage Capital, Inc., Robert D. )
Shelley, Dawn O. Rowland and/or Walter D. )
Rowland, Saundra Etheridge, Stanely E. )
Brunson, Jr., Susan W. Simms, WFY, LLC, )
Robert D. Shelley dba WYC, LLC and/or Ed )
Prince dba WYC, LLC )
                                                             )
       Defendants.                            )

---

**ANSWER**

---

COMES, NOW, Defendant, Stanley E. Brunson, Jr. ("Defendant Brunson"), by and through

counsel, and responds to the Complaint and First Amendment to Complaint (collectively "the

Complaint") filed in this adversary proceeding as follows:

## FIRST DEFENSE-MOTION TO DISMISS

Defendant Brunson moves the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7012 of the Federal Rules of Bankruptcy Procedure to dismiss the Complaint for failure to state a claim upon which relief can be granted.  The allegations failed to state which Debtor made the alleged transfers, the dates of the transfers, the amounts of the transfers, the parties to whom the transfers were made, the value of the transfers and other pertinent information necessary to state a claim.  In support of this motion, Defendant Brunson refers to the Court to the Memoranda filed by Defendants, First Eastern, LLC, Powell Properties, of Durham, LLC and Deltacom, LLC which sets forth arguments asserted by Defendant Brunson in support of the Motion to Dismiss.

## SECOND DEFENSE

Defendant, Brunson responds to the numbered allegations in the Complaint as follows:

1.      The allegations in paragraph 1 of the Complaint are admitted upon information and belief.

2.      The allegations in paragraph 2 of the Complaint are admitted upon information and belief.

3.      The allegations in paragraph 3 of the Complaint are admitted.

4.      The allegations in paragraph 4 of the Complaint are admitted.

5.      The allegations in paragraph 5 of the Complaint are admitted.

6.      Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and denies the same.

7.      Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and denies the same.

8.      Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and therefore denies the same.

9.      Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and therefore denies the same.

10.      Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and therefore denies the same.

11.      As to Defendant Brunson, the allegations in paragraph 11 of the Complaint are denied.  As to all other Defendants, Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and denies the same.

12.      As to Defendant Brunson, the allegations in paragraph 12 of the Complaint are denied.  As to all other Defendants, Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and denies the same.

13.      As to Defendant Brunson, the allegations in paragraph 13 of the Complaint are denied.  As to all other Defendants, Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and denies the same.

14.      Defendant Brunson incorporates the responses in paragraphs 1 through 13 above as if fully set forth herein.

15.     Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and denies the same.

16.     Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and denies the same.

17.     Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and denies the same.

18.     Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and denies the same.

19.     Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and denies the same.

20.     Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and denies the same.

21.     Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and denies the same.

22.     Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint and denies the same.

23.     Defendant Brunson denies the allegations in paragraph 23 of the Complaint as they pertain to him.  Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint as they pertain to the other Defendants and denies the same.

24.     Defendant Brunson incorporates the responses in paragraphs 1 through 23 above as if fully set forth herein.

25.     Defendant Brunson is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 25 of the Complaint and denies the same.

26.    Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and denies the same.

27.    Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and denies the same.

28.    Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint and denies the same.

29.    Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and denies the same.

30.    Defendant Brunson denies the allegations in paragraph 30 of the Complaint as they pertain to him.  Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint as they pertain to the other Defendants and denies the same.

31.    Defendant Brunson incorporates the responses in paragraphs 1 through 30 above as if fully set forth herein.

32.    Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and denies the same.

33.    Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and denies the same.

34.    Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and denies the same.

35.    Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint and denies the same.

5

36.     Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint and denies the same.

37.     Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint and denies the same.

38.     Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint and denies the same.

39.     Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint and denies the same.

40.     Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint and denies the same.

41.     Defendant Brunson denies the allegations in paragraph 41 of the Complaint as they pertain to him.  Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint as they pertain to the other Defendants and denies the same.

42.     Defendant Brunson incorporates the responses in paragraphs 1 through 41 above as if fully set forth herein.

43.     Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint and denies the same.

44.     Defendant Brunson denies the allegations in paragraph 44 of the Complaint as they pertain to him.  Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint as they pertain to the other Defendants and denies the same.

45.     Defendant Brunson denies the allegations in paragraph 45 of the Complaint as

6

they pertain to him.  Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint as they pertain to the other Defendants and denies the same.

46.     Defendant Brunson denies the allegations in paragraph 46 of the Complaint as they pertain to him.  Defendant Brunson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint as they pertain to the other Defendants and denies the same.

## FIRST AND AFFIRMATIVE DEFENSE

Defendant is not an insider of the Debtors.  To the extent that Counts I and III of the Complaint seek to avoid alleged transfers made more than 90 days prior to the petition date, said transfers are not avoidable under Section 547(b) of the Bankruptcy Code nor may the trustee recover the value of said transfers from Defendant Brunson or preserve the same for the benefit of the estate under Sections 550 and 551 of the Bankruptcy Code.

## SECOND AND AFFIRMATIVE DEFENSE

Defendant Brunson has insufficient information (based on the Complaint) to determine whether any payments made by the Debtors to Defendant Brunson were made on account of an antecedent debt.  Defendant Brunson contends that any payments made to him are not avoidable pursuant to Section 547(b)(2) of the Bankruptcy Code.

## THIRD AND AFFIRMATIVE DEFENSE

The Complaint does not identify the dates or the amounts of the alleged avoidable transfers.  Rather it merely alleges that certain transfers were made to the Defendant Brunson in an amount of at least twenty-one thousand seven hundred thirty-seven dollars and thirty-four cents ($21,737.34) in the one year period prior to the petition date.  In order to preserve all

affirmative defenses that may be available to Defendant Brunson once Plaintiff pleads or

otherwise makes available to Defendant Brunson information regarding the alleged transfers,

Defendant Brunson alleges that the transfers were intended by the Debtors and Defendant

Brunson to be and were in fact contemporaneous exchanges for new value given to the Debtors.

### FOURTH AND AFFIRMATIVE DEFENSE

The Complaint does not identify the dates or the amounts of the alleged avoidable

transfers.  Rather it merely alleges that certain transfers were made to Defendant Brunson in an

amount of at least twenty-one thousand seven hundred thirty-seven dollars and thirty-four cents

($21,737.34) in the one year period prior to the petition date.  In order to preserve all affirmative

defenses that may be available to Defendant Brunson once Plaintiff pleads or otherwise makes

available to Defendant Brunson information regarding the alleged transfers, Defendant Brunson

alleges that the transfers are not avoidable to the extent that such transfers were in payment of a

debt incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors

and the Defendant Brunson and such transfers were made in their ordinary courses of business or

financial affairs or were made according to ordinary business terms.

### FIFTH AND AFFIRMATIVE DEFENSE

The Complaint does not identify the dates or the amounts of the alleged avoidable

transfers.  Rather it merely alleges that certain transfers were made to the Defendant Brunson in

an amount of at least twenty-one thousand seven hundred thirty-seven dollars and thirty-four

cents ($21,737.34) in the one year period prior to the petition date.  In order to preserve all

affirmative defenses that may be available to Defendant Brunson once Plaintiff pleads or

otherwise makes available to Defendant Brunson information regarding the alleged transfers, the

transfers are not avoidable to the extent that the Defendant Brunson gave new value to or for the

benefit of the Debtors after the alleged transfers.

## SIXTH AND AFFIRMATIVE DEFENSE

Defendant Brunson asserts all defenses available under Section 550 of the Bankruptcy Code, including all defenses available to an immediate or mediate transferee of an initial transferee and those available to a good faith transferee.

## SEVENTH AND AFFIRMATIVE DEFENSE

Plaintiff has failed to plead the allegations of fraud with particularity and Defendant Brunson pleads the same as a bar to all relief sought under Counts II and IV of the Complaint.

## EIGHTH AND AFFIRMATIVE DEFENSE

To the extent that any of the alleged transfers are avoidable, which is expressly denied, the trustee is entitled to only a single satisfaction under Section 550(a) of the Bankruptcy Code.

## NINTH AND AFFIRMATIVE DEFENSE

No action of the Defendant Brunson caused a loss or diminution to the bankruptcy estate to the detriment of creditors.

## TENTH AND AFFIRMATIVE DEFENSE

To the extent that Defendant Brunson was a mere conduit for the alleged avoidable transfers, the alleged transfers cannot be recovered from the Defendant Brunson.

## ELEVENTH AND AFFIRMATIVE DEFENSE

Defendant Brunson pleads all applicable statutes of limitation as an absolute bar and defense to the claims in the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the Complaint, Defendant Brunson prays the Court as follows:

9

1.      That the Complaint be dismissed with prejudice;

2.      That Plaintiff have and recover none of the relief sought of Defendant Brunson in the Complaint;

3.      That Defendant Brunson's costs in defending this action be taxed against Plaintiff;

4.      That Defendant Brunson be granted a jury trial on all claims and defenses pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Rule 9015 of the Federal Rules of Bankruptcy Procedure; and

5.      For such and further relief as the Court may deem just and proper.

This the 19th day of November, 2008.

FLETCHER, RAY & SATTERFIELD, L.L.P.


BY:     s/ David L. Ray
        David L. Ray, State Bar No. 18380
        Attorneys for Defendant, Stanley E. Brunson, Jr.
        131 Racine Drive, Suite 201
        Wilmington, NC  28405
        Telephone (910) 251-9900
        Facsimile (910) 251-9667
        Email: dray@fletcherlaw.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that he has this day served a copy of the foregoing Answer upon all parties in this action by depositing the same in the exclusive care, custody and control of the United States Postal Service, in a postpaid, properly addressed wrapper addressed to:

>James B. Angell
>Howard, Stallings, From & Hutson, P.A.
>PO Box 12347
>Raleigh, NC 27605

This the 19th day of November, 2008.

FLETCHER, RAY & SATTERFIELD, L.L.P.

By:     s/ David L. Ray
        David L. Ray, State Bar No. 18380
        Attorneys for Defendant Stanley E. Brunson, Jr.
        131 Racine Drive, Suite 201
        Wilmington, NC  28405
        Telephone (910) 251-9900
        Facsimile (910) 251-9667
        Email: dray@fletcherlaw.com